UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-41 |
| V. | ) | |
| | ) | (VARLAN / SHIRLEY) |
| WILLIAM M. CHAMP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's unopposed Motion to Continue Trial Setting and All Other Deadlines [Doc. 9], filed on April 19, 2016. In this motion, the Defendant asks the Court to continue the May 31, 2016 trial date and all other deadlines in the case to permit time for counsel to investigate the case, file motions, and prepare for trial. The Defendant states that counsel's heavy caseload, which includes a death penalty trial beginning the first week of May, has prevented counsel from completing his review of discovery and investigation of the case. The motion states that the Government is not opposed to the requested continuance.

On May 2, 2016, the Court conducted a telephone conference with counsel. Assistant United States Attorney Ray Barto Slabbekorn, Jr., appeared on behalf of the Government. Attorney Wesley D. Stone represented the Defendant. Mr. Stone stated that he represented a client in a death penalty trial in Anderson County, Tennessee, which was beginning within the week. Mr. Stone requested a motion deadline in the instant case in early June. He said that he

1

had discussed the need for a trial continuance with the Defendant, who agreed with the request. AUSA Slabbekorn confirmed that the Government did not object to the Defendant's motion. The parties agreed to a new trial date of October 25, 2016.

The Court finds the Defendant's motion [Doc. 9] for a trial continuance to be unopposed and well taken. It finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel seeks additional time to investigate the case, to conduct legal research, to litigate any necessary pretrial motions, and to prepare for trial. Due to defense counsel's present criminal caseload, the failure to grant a trial continuance in this case would unreasonably deprive the Defendant of the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that the filing and litigation of pretrial motions could reasonably take until late September 2016, particularly if dispositive motions are filed. See 18 U.S.C. § 3161(h)(1)(D) & -(1)(H). Based upon the representations of the parties, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial, despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that such preparation cannot be accomplished before the May 31 trial date or in less than six months.

The Defendant's motion [**Doc. 9**] to continue the trial is **GRANTED,** and the trial is reset to **October 25, 2016**. The Court finds, and the parties agree, that all the time between the filing of the motion to continue on **April 19, 2016**, and the new trial date of **October 25, 2016**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling, the Court set a new motion deadline for **June 10, 2016**. Responses to motions are due on or before **June 24, 2016**. The parties are to appear before the undersigned for a motion hearing on **July 7, 2016, at 9:30 a.m.** The deadline for concluding plea

negotiations is extended to **September 26, 2016.** This date is also the deadline for providing reciprocal discovery. The Court further instructs the parties that all motions *in limine* must be filed no later than **October 10, 2016**. Special requests for jury instructions shall be submitted to the District Judge no later than **October 14, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial and All Other Deadlines [**Doc. 9**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **October 25, 2016**, at 9:00 a.m., before the Honorable Thomas A. Varlan, Chief United States District Court Judge;

(3) All time between the filing of the Defendant's motion on **April 19, 2016**, and the new trial date of **October 25, 2016**, is fully excludable time for speedy trial purposes as set forth above;

(4) The deadline for filing pretrial motions is extended to **June 10, 2016**;

(5) Responses to motions are due on or before **June 24, 2016**;

(6) The parties are to appear before the undersigned for a motion hearing on **July 7, 2016, at 9:30 a.m.**;

(7) The deadline for concluding plea negotiations is extended to **September 26, 2016**. This date is also the deadline for providing reciprocal discovery;

(8) Motions *in limine* must be filed no later than **October 10, 2016**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **October 14, 2016**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3