UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-41 |
| V. | ) | |
| | ) | (VARLAN / SHIRLEY) |
| WILLIAM M. CHAMP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on July 7, 2016, for a motion hearing on the Defendant's Motion for Severance of Offenses [Doc. 12], filed on June 10, 2016. Assistant United States Attorney Bart Slabbekorn, Jr., appeared on behalf of the Government. Attorney Wesley D. Stone represented the Defendant, who was also present. The Defendant asks the Court to sever the trial of Count One from the trial of Counts Two and Three[1] of the Indictment [Doc. 3]. He contends that without a severance, he will not receive a fair trial because the evidence from Counts Two and Three will "spill over" and influence the jury's determination of Count One, thereby preventing a reliable verdict. The Government opposes severance because both incidents are part of a common scheme or plan and the same evidence would be admissible in separate trials. For the reasons discussed herein, the Court finds that all three counts are properly joined for trial and that the Defendant is not unfairly prejudiced by a single trial on all counts.

---

[1] Although in his motion, the Defendant requests a separate trial on each of the three counts in the Indictment, at the July 7 hearing, defense counsel acknowledged that Counts Two and Three were alternative theories and should be jointly tried.

1

Rule 8(a) permits two offenses to be jointly charged if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). The Court examines the face of the Indictment to determine whether the counts are properly joined. United States v. Locklear, 631 F.3d 364, 368 (6th Cir. 2011); United States v. Frost, 125 F.3d 346, 389 (6th Cir. 1997). Joinder under Rule 8(a) is appropriate when the counts are "logically related" and involve a significant amount of overlapping proof. United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001). "To the extent that it is consistent with providing the defendant with a fair trial, . . . Rule [8(a)] is to be construed liberally to promote the goals of trial convenience and judicial efficiency." United States v. Wirsing, 719 F.2d 859, 862 (6th Cir. 1983).

In the instant case, Count One of the Indictment charges

> that, on or about April 16, 2015, in the Eastern District of Tennessee, the defendant, WILLIAM M. CHAMP, did threaten to assault and murder Dr. Elizabeth Bishop and other employees of the United States Department of Veterans Affairs (VA), . . . with intent to impede, intimidate, and interfere with such employees while they were engaged in the performance of their official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

Counts Two and Three arise from the same act, the Defendant's December 10, 2015 telephone call to the VA Crisis Hotline, in which he is alleged to have threatened to kill and injure VA Dr. Elizabeth Bishop. The Government contends that Counts Two and Three are pled in the alternative. Count Two alleges that the Defendant made this threat "knowingly and with intent to extort a prescription for hydrocodone" from Dr. Bishop in violation of 18 U.S.C. § 875(b). Count Three simply alleges that the Defendant transmitted the threat in violation of 18 U.S.C. § 875(c). The difference in Counts Two and Three is that Count Two requires an intent to extort, while Count Three does not. The Court finds that all three counts are properly joined under Rule

2

8(a) because they are of the same or similar character. The April and December incidents logically relate to each other, and the Defendant, seeking assistance as a veteran, is alleged to have threatened the same doctor.

Rule 14 permits severance of properly joined defendants or counts, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14. In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. Wirsing, 719 F.2d at 864-65. As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). "In determining whether a defendant suffered prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence. " United States v. Dale, 429 F. App'x 576, 579 (6th Cir. 2011). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

In the instant case, Defendant Champ argues that a single trial on the three counts would compromise his right to a fair trial. He argues that a joint trial will create three problems for the jury: (1) the evidence as to each incident will be similar enough on its face that the jury will not be able to compartmentalize or distinguish the evidence relating to each count; (2) a joint trial will confound his defenses, and (3) if the jury reaches a verdict of guilty as to the December 10 incident, it will be predisposed to find the Defendant guilty of the allegations in Count One because of his presumed criminal disposition. He contends that hearing all of the evidence in a single trial will have a "spill over" effect, in that jurors will not be able to put the evidence as to one count out of their minds when deliberating on another count.

At the July 7 hearing, defense counsel argued that the discovery reveals that in the April 16 incident, the Defendant made statements to a coworker of Dr. Bishop. The coworker stated that the Defendant made her feel anxious but "knew the line not to cross." Defense counsel characterized the evidence of a threat with regard to the April 16 incident as being "extremely weak." He said that the coworker gave a detailed statement that alleged no direct threats and acknowledged that the Defendant was a veteran with mental health issues. Counsel stated that with regard to the December 10, 2015 telephone call to the VA Crisis Center, the Defendant was asking rhetorical questions, such as "what do I have to do to get treatment?", which the Government is interpreting to be a threat. Mr. Stone argued that pursuant to Federal Rule of Evidence 404(b), evidence of the December 10 incident would not be admissible in a separate trial of Count One, which relates to the April 16 incident.

Mr. Stone argued that the incident alleged in Count One was distinct in time, place, and strength of evidence when compared to the incident in Counts Two and Three. He asserted that a joint trial would confound the Defendant's defenses because the Defendant would be more likely

4

to testify in a separate trial of Count One, than at a trial of Counts Two and Three, which allege a direct threat. Counsel feared that the jury would use the stronger evidence available for the December 10 incident to conclude that the Defendant must have also made a threat in April, despite the weak evidence of any threat on that date.

The Government argued that the Indictment shows a commonality of victim, intent, act, and result sought as to the crime alleged in Count One and the crime alleged in Counts Two and Three. AUSA Slabbekorn maintained that the Defendant had failed to show a substantial, undue, or compelling prejudice would arise from a single trial on all counts. He contended that the instant charges fell within the exception to Rule 404's exclusion of propensity evidence because evidence of each event would be offered to show the Defendant's knowledge, motive, or intent with regard to the other event. He said that the Defendant's communication of the similar words directed to the same victim for the same purpose demonstrated that the Defendant knew that Dr. Bishop would perceive his words as a "true threat." He maintained that the possibility that the Defendant might testify in one trial, if the counts were severed, is not a basis for severance. Finally, AUSA Slabbekorn stated that jury instructions would serve to educate the jury on the concept of a common scheme or plan and on how to use such evidence to derive intent. Thus, the Government maintained that a single trial would not cause juror confusion or result in improper spillover evidence.

The Court turns first to the Defendant's argument that the counts must be severed because the evidence relating to each incident is facially similar, preventing the jury from distinguishing the evidence relating to each count. The Court begins with the axiom that "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of

5

defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). Thus, for a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each count. United States v. Murphy, 836 F.2d 248, 256 (6th Cir. 1988). Disparities in the quality or quantity of evidence relating to counts or defendants does not, alone, require a severance. United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir.) (examining failure to sever arson counts), cert denied 549 U.S. 903 (2006); United States v. Moore, 917 F.2d 215, 220 (6th Cir. 1990) (holding that "a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him"). The defendant must still show that differences in the "quantum" of evidence relating to separate counts creates a "'substantial risk that the jury could not compartmentalize or distinguish between the evidence' produced on each count." Hang Le-Thy Tran, 433 F.3d at 478 (quoting United States v. Williams, 711 F.2d 748, 751 (6th Cir. 1983)).

In the present case, the Court finds that the jury will be able to separate the evidence of Count One from the evidence relating to Counts Two and Three. First, the Court observes that the alleged incidents occurred on separate dates eight months apart. Additionally, the first incident allegedly occurred when the Defendant was visiting the VA hospital in person and the second incident involves a telephone call. The Court finds that these differences will allow the jury to separate the evidence relating to the two events. The fact that the Defendant believes that the evidence relating to the December incident is more damaging is not a basis to sever. See Tran, 433 F.3d at 478. All three counts allege that the Defendant threatened to assault or kill Dr. Bishop, so the degree of harm threatened is not greater as to one count.

6

Additionally, the Court observes that even if the Defendant received two trials, evidence of the other incident would likely be admissible in each. Rule 404(b) provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Fed. R. Evid. 404(b). In determining whether 404(b) evidence is admissible, the Court must determine, among other factors, whether the evidence in question is relevant to a material issue other than character. See United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1994). In the instant case, evidence of the later or earlier incident appears[2] to be relevant to show motive (Defendant was making threats in order to get narcotic medication), intent (the Defendant had a certain state of mind when saying the words alleged to be the threat), and absence of mistake or accident (Defendant was not simply asking rhetorical questions or joking). Thus, the Court finds that separate trials would not necessarily result in the jury being shielded from evidence of the other incident as the Defendant desires.[3]

Moreover, the Defendant's argument that he might testify in a separate trial of Count One is speculative and does not reveal actual prejudice. Courts in this Circuit have rejected the defendant's desire to testify as to one count but not another as a basis for severance, particularly when the evidence of each crime would be admissible in the separate trial of the other. United

---

[2] The Court is not making a finding that any evidence will or will not be admitted. Rulings on the admissibility of evidence are best made by the District Judge in the context of the other evidence being offered at trial.

[3] At the motion hearing, defense counsel questioned whether Rule 404(b) permitted evidence of a later crime, wrong, or act to be admitted in the trial of an earlier act. The Court observes that the language of the rule does not limit consideration of other acts evidence to that of prior acts. Instead, Rule 404(b) relates to "crimes, wrongs, or acts 'other' than those at issue under the pleadings[.]" 22A Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5239 at 271 (2012). "[I]t makes no difference whether the other incident was one which took place before or after the charged event." Id.

States v. Jacobs, 244 F.3d 503, 507 (6th Cir. 2001); United States v. Mays, No. 5:14 cr 00300, 2015 WL 1011385, *2 (N.D. Ohio Mar. 5, 2015). The reason the instant Defendant gives for only wanting to testify in a separate trial of Count One is that he perceives the evidence to be weaker with regard to that count. The Court finds the Defendant has not demonstrated compelling prejudice in this regard.

The Defendant's final argument relates to the spillover of evidence from one count to another. The Defendant argues that, after hearing the evidence that relates to Counts Two and Three, the jury will be predisposed to find him guilty of the allegations in Count One because of his presumed criminal disposition. He contends that jurors will not be able to put the evidence as to one count out of their minds when deliberating on another count. This argument is similar to the Defendant's contentions regarding 404(b) evidence discussed above.

Our appellate court has affirmed the joinder of two counts of aiding and abetting arson, even when the evidence on one count was stronger than that of the other, because the defendant failed to show that the jury could not "compartmentalize or distinguish between the evidence." Hang Le-Thy Tran, 433 F.3d at 478. In Hang Le-Thy Tran, the defendant argued that there would be a "spillover effect" from the stronger evidence on one count, prejudicing the jury against her on the second count. Id. The court held that "[e]ven if prejudicial spillover actually occurred, the defendant would still need to prove that such a spillover caused her substantial prejudice[,]" which the defendant could not do without showing that the jury was unable to distinguish between the evidence relating to each count. Id.

The defendant's spillover effect argument in the Hang Le-Thy Tran case is similar to the Defendant's propensity argument. Defendant Champ is arguing that the jury would be so tainted by evidence of Counts Two and Three, it would be unable to give fair consideration to the

evidence presented as to Count One and that it would convict him based upon his criminal propensity. However, as discussed above, the jury is presumed to be able to separate the evidence relating to the April 2015 incident from the evidence relating to the December 2015 incident. <u>Swift</u>, 809 F.2d at 323. The Defendant fails to provide a substantial reason why this presumption fails in the instant case. A defendant's mere claim that a jury would infer criminal propensity from the joinder of counts does not require severance. <u>United States v. Saadey</u>, 393 F.3d 669, 678-79 (6th Cir. 2005).

The Court finds that the three counts of the Indictment are properly joined for trial under Rule 8(a) of the Federal Rules of Criminal Procedure because they are of a similar character. The Court also finds that the Defendant has failed to show substantial, compelling, or undue prejudice resulting from joinder that would prevent him from having a fair trial. Accordingly, the Defendant's Motion for Severance of Offenses [**Doc. 12**] is **DENIED**.

   **IT IS SO ORDERED.**

                         ENTER:

                              s/ C. Clifford Shirley, Jr.
                         United States Magistrate Judge